FILED
CLERK
6/22/2021 3:01 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NABIL N. GHALY,

        Plaintiff,                  **ORDER**

                                          Civ. No. 21-cv-01613(JS)(JMW)

    -against-

NISSAN MOTOR ACCEPTANCE
CORPORATION, VITAL RECOVERY
SERVICES, LLC, CORELOGIC CREDCO, LLC,

        Defendants.
------------------------------------------------------------X

**WICKS,** Magistrate Judge:

        Plaintiff (*pro se*), Nabil N. Ghaly, commenced this action against Defendants, Nissan Motor Acceptance Corporation ("NMAC"), Vital Recovery, Services, LLC ("Vital"), and Corelogic Credco, LLC ("Corelogic"), for consumer fraud, defamation of character, false credit information reporting, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") (DE 1). NMAC and Vital filed Answers (DE 6 and DE 11).[1] Corelogic moved for a pre-motion conference for its anticipated motion to dismiss, which is currently pending before the District Judge (DE 19).[2]

        Plaintiff now seeks to amend the Complaint (DE 19) based on additional information Defendants disclosed and information he obtained through a further search of his own records. Plaintiff does not seek to assert any additional causes of action, but rather intends to amplify his

---

[1] Plaintiff asserts that Vital did not serve him with its Answer.

[2] Corelogic notes that the allegations against Corelogic in the proposed Amended Complaint appear to be substantively identical to the claims in the original Complaint and would deem its anticipated motion to dismiss to be made against the Amended Complaint. No opposition to the instant motion for leave to amend was filed.

pleadings with information regarding the timing of the alleged FDCPA violations, and information he claims will prove that the reported debts were not valid. Defendants did not oppose Plaintiff's motion.

Motions to amend pleadings are generally governed by Federal Rule of Civil Procedure 15(a). Pursuant to Fed. R. Civ. P. 15(a)(2), "The court shall freely give leave when justice so requires." "Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL) 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). "[A] *pro se* plaintiff's proposed amended complaint should be construed to raise the strongest arguments it suggests." Grullon v. City of New Haven, 720 F.3d 133, 140 (2d Cir. 2013). The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-01692 (ADS) (AKT) 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019)(internal quotations and citations omitted). The moving party must attach the proposed amended complaint to the motion, specifying the new claims and/or parties intended to be added. *Nabatkhorian v. County of Nassau*, No. 12-CV-1118 (JS) (GRB) 2012 WL 13113646, at *1 (E.D.N.Y. Aug. 9, 2012).

Clearly, the *pro se* Plaintiff did not delay in seeking leave to Amend his Complaint – this case was recently commenced on March 25, 2021, and there has not yet been an initial conference to schedule a deadline to amend pleadings/join parties. Plaintiff also properly attached a proposed Amended Complaint to his motion (although the Court notes that it appears that the last several pages were cut off). As noted, Plaintiff is merely seeking to amplify his pleadings by adding

additional purported factual information to support his claims and Defendants did not oppose the motion. Accordingly, Plaintiff's unopposed Motion to Amend the Complaint is hereby granted. Plaintiff is directed to file the Amended Complaint within 30 days of the date of this Order.

Dated: Central Islip, New York
June 22, 2021

S O  O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge